*466 OPINION.
Akttndell:
The petitioner admits that $1,400, or one-half of the interest paid on the note in 1922, represents income to him, but contends that the balance was paid to his wife and belonged to her and that he is not subject to tax thereon. It is his contention that he and his wife owned the note and mortgage jointly. The respondent denies the joint ownership and has computed the deficiency on the theory that the petitioner made a gift of the interest to his wife.
Although the common law doctrine with reference to joint tenancies in personal property has never been adopted by statute in Michigan, the Supreme Court of that State has recognized that such tenancies may be validly created by specific provision therefor in the instrument of conveyance. Lober v. Dorgan, 215 Mich. 62; 183 N. W. 942.
It therefore seems clear that the petitioner and his wife held the note here involved as joint tenants. As a result of such ownership each tenant had an equal right to share in the property so held and the income therefrom-. Thompson on Real Property, § 1710; 7 R. C. L. 811; Case v. Owen, 139 Ind. 22; 38 N. E. 395; Kissam v. McElligott, 280 Fed. 212.
*467 The Michigan Married Woman’s Act, 3 Mich. Comp. Laws, 1915, sec. 11485, provides:
That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled, by gift, grant, inheritance, devise, or in any other manner, shall be aiv remain the estate and property of such female, and shall not be liable fo the debts, obligations and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her, in the same manner and with the like effect as if she were unmarried.
As the petitioner and his wife were joint owners of the note here involved and each was entitled to one-half of the income therefrom, we are of the opinion, that in view of the provisions of the Married Woman’s Act as set forth above, one-half of the income from the note was properly taxable to the petitioner’s wife and only the remaining half was taxable to the petitioner.
Judgment mil be entered on 15 days’ notice, under Rule 50.